UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

ANGELA C. YOUNG,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

Case No. 2:21-cv-11873

## COMPLAINT

**NOW COMES** Plaintiff, ANGELA C. YOUNG, by and through her undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.* and the Michigan Occupation Code ("MOC"), M.C.L. §339.901 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1392(b)(2) because all of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

4. ANGELA C. YOUNG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by MCL §339.901(1)(f).

7. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

8. Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt; and (3) it regularly collects debt owed to others.

10. Defendant is a "collection agency" as defined by MCL §339.901(1)(b) because it is directly engaged in collecting or attempting to collect a debt owed or due to be owed to another.

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff obtained a credit card for Big Lots issued by Comenity Bank, N.A. ("Comenity").

12. Plaintiff used the credit card to purchase personal and household items.

13. Unfortunately, Plaintiff was unable to make payments due to unforeseen financial difficulties, thus resulting in an alleged unpaid debt to Comenity ("subject debt").

14. In or around October 2019, Plaintiff contacted Comenity and advised of her inability to pay.

15. During this phone call, Comenity advised that Plaintiff had to make a payment of some sort to keep the subject debt from going to collections.

16. At some point, Comenity turned the subject debt over to Defendant for collection purposes.

17. In January 2020, Defendant started sending letters and calling Plaintiff in an effort to collect the subject debt.

18. Plaintiff was not able to address payments on the subject debt with Defendant until after she spoke with a financial adviser.

19. In June 2021, Plaintiff entered a payment agreement with Defendant to settle the alleged subject debt for $1,300.

20. Plaintiff and Defendant worked out a payment plan of $200 per month to be deducted from Plaintiff's Capital One credit card on the last day of each month.

21. Additionally, Plaintiff made an initial payment from her checking account on June 24, 2021, in the amount of $335.28 toward the settlement of $1,300.

22. Defendant advised Plaintiff that if her payment did not go through for any month that Defendant would then withdraw the funds from Plaintiff's checking account.

23. Plaintiff very specifically stated that she did not want any payments taken out of her checking account.

24. On July 31, 2021, Plaintiff saw that the $200 payment was pending on her Capital One credit card.

25. Plaintiff also noted that the payment posted to her Capital One credit card on August 2, 2021.

26. Unfortunately, on August 4, 2021, Defendant withdrew an unauthorized payment in the amount of $200 from Plaintiff's checking account.

27. Immediately, Plaintiff phoned Defendant to determine the reason for this withdrawal to which Defendant responded that the payment from July 31, 2021, did not go through.

28. Plaintiff asked for a manager and was told to call back the following day.

29. Plaintiff called Defendant on August 5, 2021 to discuss the situation.

30. Plaintiff was placed on hold when she asked to speak with a manager; Defendant then disconnected the call twice during this time.

31. When Plaintiff called a third time on August 5, 2021, Defendant stated that the manager was busy and could not speak with anyone.

32. When Plaintiff finally did get in touch with a manager, the manager stated that Plaintiff could skip the September payment and that the account would reflect that Plaintiff had paid a month in advance.

33. Plaintiff advised the supervisor that this arrangement was not acceptable.

34. Frustrated with Defendant's unwillingness to resolve the matter, Plaintiff was forced to expend time and energy to retain counsel and has incurred attorney fees.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

36. The debt upon which Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §§1692e and 1692f**

37. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

38. Defendant violated §1692e by withdrawing funds from Plaintiff's bank account, which Plaintiff did not approve or agree to.

39. Defendant violated §1692e by agreeing to a payment plan with Plaintiff and then violating that agreement to take out additional payments.

40. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect a higher amount than that to which Plaintiff had agreed in the payment plan with Defendant.

42. Defendant unfairly and unconscionably attempted to charge Plaintiff unauthorized amounts as payments toward the subject debt.

43. Even more, once Plaintiff advised Defendant of this error, Defendant still attempted to collect the subject debt from Plaintiff and refused to take her complaint seriously.

44. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, ANGELA C. YOUNG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

45. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

46. The subject debt is a "debt" as defined by MCL §445.251 Sec. 1(a) because it is an alleged obligation arising out of a purchase primarily made for personal or household purposes.

47. MCL §445.252(n) states that a debt collector is prohibited from "using a harassing, oppressive, or abusive method to collect a debt. . ." MCL §445.252(n).

48. Defendant violated MCL §445.252(n) by withdrawing funds from Plaintiff's bank account, which Plaintiff did not approve or agree to.

49. Further, Defendant violated MCL §445.252(n) by agreeing to a payment plan with Plaintiff and then violating that agreement to take out additional payments.

50. Defendant used abusive methods when it attempted to collect unauthorized amounts as payments from Plaintiff's bank account toward the subject debt.

51. Even more, once Plaintiff advised Defendant of this error, Defendant still attempted to collect the subject debt from Plaintiff and refused to take her complaint seriously.

52. Defendant's tactics rise to the level of oppressive and abusive methods because of Defendant's complete indifference to the unauthorized withdrawal from Plaintiff's bank account.

53. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

54. Pursuant to MCL §445.257:

> (1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.
> (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.
> MCL §445.257

55. As a result of Defendant's violation of MCL §445.252(n), Plaintiff is entitled to receive the greater of $50.00 in damages or her actual damages, as set forth in MCL §445.257(1).

56. As a result of Defendant's willful violation of §445.252(n), Plaintiff is entitled to receive a civil fine of either not less than 3 times the actual damages or $150.00, whichever is greater, as set forth in MCL §445.257(2).

Intentionally Left Blank

**WHEREFORE** Plaintiff, ANGELA C. YOUNG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff actual damages or $50.00, whichever is greater;

c. Awarding Plaintiff not less than treble her actual damages or $150.00, whichever is greater; and

d. Awarding any other relief as this Honorable Court deems just and proper.

Dated: August 12, 2021                                Respectfully Submitted,

ANGELA C. YOUNG

*/s/ Victor T. Metroff, Esq*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com